**David H. WILLS, Relator,**

v.

**KRATZ FARM and Employers Insurance of Wausau, Respondents.**

**No. C5–93–1600.**

Supreme Court of Minnesota.

Dec. 10, 1993.

Mark G. Olive, Wilbur W. Fluegel, Minneapolis, for appellant.

Gary M. Swanson, Minneapolis, for respondent.

GARDEBRING, Justice.

We review by certiorari a decision of the Workers' Compensation Court of Appeals reversing an award of temporary total benefits. We reverse.

David Wills sustained a compensable low back injury on July 28, 1990, while employed by Kratz Farm. He underwent surgery a little over a year later and received temporary total benefits until he started working for Jackpot Junction. The parties agreed the Jackpot Junction job was one that met the criteria of Minn.Stat. § 176.101, subd. 3e(b), and that employee attained maximum medical improvement (MMI) and received impairment compensation for an 11% whole body impairment. On May 12, 1992, employee was laid off from the Jackpot Junction job. On September 3, 1992, while still unemployed, employee had an onset of sharp low back pain radiating down his left leg; and he underwent spinal fusion surgery two weeks later. There was no dispute that the recurrence of back symptoms and need for surgery were causally related to the work injury.

The compensation judge awarded temporary total benefits pursuant to Minn.Stat. § 176.101, subd. 3j, finding employee had become medically disabled from all work on September 4, 1992. On appeal, the Workers' Compensation Court of Appeals reversed, deciding that "[s]ince the employee was not working at any job at the time he became medically disabled, he is not entitled to temporary total disability benefits under subdivision 3j." *Wills v. Kratz Farm,* —— Minn. Workers' Comp. Dec. —— (WCCA, filed July 13, 1993).

While the Act provides for workers temporarily disabled from "3e" employment, it does not address the "plight of workers who have not received an offer of '3e' employment * * *." *O'Mara v. State of Minnesota/Uni-*

*versity of Minnesota,* 501 N.W.2d 603, 607 (Minn.1993). The Act also does not make provision for those who have been laid off from "3e" employment; yet, an injured worker who is on layoff from "3e" employment at the time of a medical inability to do any work is "no less deserving and no less in need when the injury worsens and the worker can work no longer than an employee whose work-related injury causes a medical inability to continue in a '3e' job." *Id.* at 607. We therefore reverse the WCCA's denial of benefits. Wills is entitled to temporary total disability benefits from September 4, 1992, until "90 days after [he] attains MMI or 90 days after the end of an approved retraining plan, whichever is later; provided, however, that temporary total compensation shall cease at any earlier time that [he] begins work at a job within [his] physical capabilities." *Id.* at 608; Minn.Stat. § 176.101, subd. 1 (1992).

Reversed.

Employee is awarded $400 in attorney fees.